Xu v. Lynch

BIA
A087 551 885

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

SEN LIN XU,
        *Petitioner,*

        v.                                    12-5015
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

FOR PETITIONER:          Guang Jun Gao, Flushing, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Erica B. Miles, James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sen Lin Xu, a native and citizen of China, seeks review of a November 30, 2012, decision of the BIA affirming the January 19, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Sen Lin Xu*, No. A087 551 885 (B.I.A. Nov. 30, 2012), *aff'g* No. A087 551 885 (Immig. Ct. N.Y. City Jan. 19, 2011).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are

2

well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also* *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's adverse credibility determination.

In finding Xu not credible, the agency reasonably relied on inconsistencies between Xu's testimony and other record evidence.  First, regarding the length of his 1998 detention in Beijing, Xu testified that he was detained for "two or three" days, but his application stated that he was detained for ten days.  A second inconsistency involved the date his wife was forced to undergo an abortion.  Xu testified that the abortion occurred on April 11, 1997, a letter from Xu's sister stated that it occurred on April 14, 1997, and when confronted with this discrepancy, Xu testified that the date provided by his sister was

3

incorrect.  As the BIA noted, however, in his brief on appeal, Xu conceded that he did not know the actual date, implying that his sister's date was correct.  Third, Xu testified that he borrowed money from a friend for a 1998 trip to Beijing, but the record contained a letter from Xu's friend stating that he loaned money to Xu in 1997.  When confronted with this inconsistency, Xu conceded that his trip was in 1997, without explaining why other evidence supported the 1998 date.  Accordingly, Xu failed to provide compelling explanations for these discrepancies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given these inconsistencies, which relate to Xu's allegations of past harm, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Xu's claims for asylum, withholding of removal, and CAT relief.  *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk